SEARS et al. v. MAHONEY et al.

(Circuit Court, E. D. Louisiana. March 1, 1895.)

No. 12,357.

1. CONTRACTORS FOR PUBLIC WORKS—ACT AUG. 13, 1894.

Act Cong. Aug. 13, 1894, providing that any person contracting with the United States for the prosecution of a public work shall, before commencing such work, give a bond to pay all persons supplying him with labor or materials, and that a person supplying labor or materials to the contractor should have a right of action, in the name of the United States, on such bond, has no retroactive effect, and does not authorize a suit upon such a bond given before the passage of the act.

2. MECHANICS' LIENS—LOUISIANA STATUTE.

Whether, under the Louisiana statute, persons furnishing feed for mules used by a contractor in and about the construction of a levee have a lien on such levee or moneys due for building the same, quaere.

On Application for Preliminary Injunction.

O. B. Sansum, for Sears et al.

Jos. W. Carroll, as amicus curiae.

PARLANGE, District Judge. This is a proceeding intended to be justified by the act of congress approved August 13, 1894, entitled "An act for the protection of persons furnishing labor and materials for the construction of public works." The bill of complaint is in the name of the United States, for the use of Sears & Son, a commercial firm domiciled in the city of New Orleans. The bill avers that on December 1, 1893, the United States contracted with John Mahoney that he should construct the Merritt levee; that, among the stipulations of said contract, it was agreed that Mahoney should pay all liabilities for labor and materials incurred in prosecuting said work; that Mahoney agreed to execute a bond in favor of the United States, with proper sureties, for the performance of all the covenants of the contract, and that he did execute such a bond on December 1, 1893, with James Pendergast and Michael Ross as sureties; that on January 1, 1894, Mahoney employed one Carson to perform all the work described in the contract, in the place of him, the said Mahoney, and Carson proceeded with said contract, and carried out the same for Mahoney; that, in doing the work, it became necessary for Carson to employ and work a large number of mules, and to procure feed for them while they were employed and were working about the construction of said levee, and that, at the special request of Carson, feed to the amount of $829.52 was delivered to Carson by said commercial firm, between September 27, 1894, and December 6, 1894; that all of said feed was used to feed said mules while they were working in construct-

ing said levee; that, by the statutes of Louisiana, said commercial firm has a lien and privilege on said levee, and on all moneys due by the United States for building the same; that, by the effect of said act of congress, said firm has a right of action to be prosecuted in the name of the United States against Mahoney and said two sureties; that Capt. Derby, of the United States corps of engineers in charge in the city of New Orleans, has in his custody a large sum of money, the property of Mahoney, being part of the consideration for building the levee; and that the same will be paid Mahoney, unless he is restrained. Complainants pray for an injunction to issue to Capt. Derby, forbidding him from paying the money, and to Mahoney, forbidding him from receiving the same. Subpoenas are asked for against Mahoney, Pendergast, and Ross, and complainants pray that they be condemned to pay said sum of $829.52, and that said commercial firm be decreed to have a lien and privilege on the moneys in the hands of Capt. Derby, and that he be ordered to pay said firm said sum of money due it.

It is to be noticed that Sears & Son do not claim any lien or privilege by virtue of the act of congress of August 13, 1894. Their only claim in that respect is under the state law. It is doubtful whether the state law gives a lien in such a case. The state law gives a lien to architects, undertakers, bricklayers, painters, master builders, contractors, subcontractors, journeymen, laborers, cartmen, and other such workmen. Civ. Code, art. 3249 et seq.; Id. art. 2756 et seq. It is clear that Sears & Son do not come within the classes just mentioned. The state law (same articles of Civil Code) also gives a lien to "those who supply the owner or other person employed by the owner, his agent or subcontractor, with materials of any kind for the construction or repair of an edifice or other work, when such materials have been used in the erection or repair of such houses or other works." By the constant jurisprudence of the state, liens and privileges have always been strictly construed; and it is doubtful, to say the least, whether one who supplies feed for mules employed by a contractor, or by a subcontractor (as this case seems to show) is a furnisher of materials used in the erection of a work. I repeat that no lien is claimed under the act of congress; nor does that act seem to have intended to create a lien. It seems to merely give a personal action on the bond "for labor and materials"; and, as stated, it is not clear that Sears & Son furnished either labor or materials.

No claim is made in the complaint that Sears & Son have an equitable lien on the funds alleged to be in the hands of Capt. Derby. The question of lien is important because of the jurisdiction. Here is a suit virtually by Sears & Son, presumably citizens of Louisiana, against citizens of other states. The difficulty would be the same if the suit were considered to be one by the United States. The jurisdiction would seem to depend upon the fund being within the jurisdiction of this court, coupled with a right of Sears & Son in the same. While it would appear that Sears & Son have no lien under the state law, nor under the act of congress, and that the latter simply gives a personal action on the bond,

I pretermit any decision on those questions, because of a point to which all the other considerations are subordinated, to wit: Have Sears & Son any right of action by virtue of the act of congress of August 13, 1894, on a bond executed on December 1, 1893? The act of congress under consideration clearly provides for the future only. It says that:

"Hereafter any person entering into a formal contract with the United States for * * * the prosecution of any public work, shall be required before commencing such work to execute the usual penal bond with good and sufficient sureties, with the additional obligation that such contractor * * * shall promptly make payment to all persons supplying him labor and materials," etc.

It seems clear that if the act of congress of August 13, 1894, had not been passed, Sears & Son could not have brought an action in the name of the United States on the bond of December 1, 1893, although that bond contained the stipulation that the contractor would pay all liabilities incurred in the prosecution of the work. That stipulation was made for the sole benefit of the United States, to prevent annoyance to the government agents, and, possibly, litigation against the government. If it be true that Sears & Son could not have sued on the bond before the passage of the act of August 13, 1894, I take it that it is clear they cannot sue on that bond now; for it is plain that the act of congress applies only to bonds executed from and after its passage, and was not intended to apply retroactively to bonds previously executed.

I am clear that the action cannot be maintained, and the restraining order will be set aside and annulled, unless Sears & Son, within five days, apply to and obtain from either of the circuit judges an order continuing said order in force.